IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEOLA DEAN, *et al.*,                    *

    *Plaintiff,*                         *

v.                                        *        Civil Action No. RDB 09-1989

NAVY FEDERAL CREDIT UNION, *et al.*, *

    *Defendants.*                       *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

This matter is before the court on a Motion to Remand filed by Plaintiffs Deola Dean and

Alice Ward (Paper No. 12). The parties' submissions have been fully briefed and no hearing is

necessary. *See* Local Rule 105.6 (D. Md. 2008). Because there is not complete diversity

between the parties in this case and because this court is an improper venue for removal of this

case, Plaintiff's Motion to Remand is GRANTED.

## BACKGROUND

The facts in this case are taken largely from the Plaintiffs' Complaint. On June 8, 2009,

Plaintiffs Deola Dean ("Dean") and Alice Ward ("Ward") filed the instant Complaint against

Defendants Navy Federal Credit Union ("Navy Federal") and Charlesetta Grider ("Grider") in

the Circuit Court of Alexandria City, Virginia. (Compl. 1.) Dean is the administrator of the

Estate of Gerald McKinley Dean ("the Decedent") and Ward is the Decedent's alleged heir.

(Compl. ¶¶ 1, 2.) The Decedent's estate has been opened in the City of Alexandria. (Compl. ¶ 1,

Ex. C.)

Before his death, the Decedent maintained both checking and savings accounts at Navy

Federal. (Compl. ¶ 7, 9.) The Plaintiffs allege that, after the Decedent's death, Grider executed

a false affidavit claiming to be the Decedent's heir.  (Compl. ¶ 12.)  Grider presented the

allegedly false affidavit to Navy Federal, which disbursed to Grider $52,581.74 from the

Decedent's accounts.  (Compl. ¶ 13.)  They also allege that Grider has taken over the

management of and collected all rental payments from a Chantilly, Virginia, rental property

belonging to the Decedent.  (Compl. ¶ 16.)

The Plaintiffs have brought Virginia state law claims against Grider for unjust

enrichment, tortious interference with contract, conversion, and fraud.  Alleging that Navy

Federal breached its duty to protect the Decedent's funds, they have brought Virginia state law

claims of breach of contract, negligence, breach of fiduciary duty, and statutory conversion

against Navy Federal.

Navy Federal filed responsive pleadings to the Complaint as well as a cross-claim against

Grider on July 6, 2009.  (Answer to Compl. & Cross-cl.; Dem. to Counts III & IV.)  On July 29,

2009, Grider removed the case to this Court.  (Notice of Removal.)  Dean and Ward filed their

instant Motion to Remand (Paper No. 12) on August 29, 2009.

<u>STANDARD OF REVIEW</u>

Except as otherwise provided by law, a defendant may remove a state civil action to a

federal court where the action is one "of which the district courts of the United States has

original jurisdiction."  28 U.S.C. § 1441(a) (2009).  The burden of establishing federal

jurisdiction is placed upon the party seeking removal, and removal jurisdiction is strictly

construed.  *Mulcahy v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  On

a motion to remand, a court must "strictly construe the removal statute and resolve all doubts in

favor of remanding the case to state court."  *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700,

701-02 (D. Md. 1997) (citation omitted); *see also Mulcahy*, 29 F.3d at 151.

2

ANALYSIS

Removal to this court is improper for two major reasons. First, federal courts do not have subject matter jurisdiction over this dispute. Second, even if federal courts did have subject matter jurisdiction, federal law prohibits Grider from removing this case to Maryland federal court from Virginia state court. [1]

**I.      Federal District Courts Lack Original Jurisdiction Over These Claims.**

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c) (2006). Federal courts have original jurisdiction over two kinds of civil actions – those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States. U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a) (2006). If a civil action is not based on a question of federal law, then a federal court may only exercise original jurisdiction based on diversity of citizenship. The purpose of the diversity requirement "is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants. The presence of parties from the same State on both sides of a case dispels this concern, eliminating a principal reason for conferring § 1332 jurisdiction over any of the claims in the action." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553-54 (U.S. 2005). As the Supreme Court has noted, "[i]ncomplete diversity destroys original jurisdiction with respect to all claims." *Id.* at 554.

---

[1] This Court does not address the Plaintiffs' argument that removal was improper because Grider failed to file her notice of removal within 30 days of service of the Complaint. Neither does this Court address Grider's counter-argument that Plaintiffs failed to serve Grider with process. There are disputes as to whether Grider was served with process according to Virginia law, and whether Virginia's curing statute, Va. Code Ann. § 8.01-288 (2009), cures the allegedly improper service. Regardless, removal of this matter to this Court fails for other reasons.

The case at hand deals only with Virginia state law claims. Because no federal questions are raised, any removal to federal court must be predicated on an assertion of diversity of citizenship. It is undisputed that the amount in controversy exceeds $75,000. The remaining question is whether there is complete diversity of citizenship in this case.

Defendant Grider asserts that this Court is a proper venue for removal of the instant case because:

> Navy Federal Credit Union . . . does business in . . . the state of Maryland . . . [and therefore is] a citizen of the state of Maryland. Defendant Grider, is a citizen of Maryland, and thus the matter is removable under 28 U.S.C. 1441 (b) as both parties are citizens of the State of Maryland.

(Def. Grider's Resp. to Pls.' Mot. to Remand ¶ 2.) This argument fails. The test for removal is not whether all defendants are from the same state. Rather, a state action may be removed to federal court on diversity of citizenship grounds only when there is complete diversity. 28 U.S.C. § 1332(a); *Exxon Mobil Corp.*, 545 U.S. at 553 ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.")

Citizenship is well-defined by the law. A United States citizen is a citizen of the state in which he or she is domiciled. U.S. Const. amend. XIV, § 1; *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir.) *cert. denied,* 419 U.S. 842 (1974). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The legal representative of a decedent's estate "shall be deemed to be a citizen only of the same State as the decedent." *Id.* at § 1332(c)(2).

In the matter at hand, it is undisputed that Defendant Charlesetta Grider is a citizen of Maryland and that Plaintiff Alice Ward is a citizen of Illinois. Defendant Navy Federal is a

citizen of Virginia.[2] Navy Federal is a federally chartered credit union with its principal place of business in Virginia. (Def. Navy Federal's Resp. to Pls.' Mot. to Remand 1; Pls.' Mot. to Remand, Exs. 3, 4.) Because Navy Federal's principal place of business is Virginia, it is a citizen of Virginia. *See* 28 U.S.C. § 1332(c)(1). Plaintiff Deola Dean is also a citizen of Virginia for purposes of this litigation. Dean is the legal representative of the Decedent's estate, an estate properly opened in Virginia, where the Decedent resided. Compl. ¶¶ 1, 13, Ex. C. Because Dean has filed suit in her capacity as administrator of a Virginia resident's estate, she is "deemed to be a citizen only of" Virginia. 28 U.S.C. § 1332(c)(2).

The Defendants in this case – Grider and Navy Federal – are residents of Maryland and Virginia, respectively. The Plaintiffs – Ward and Dean – are residents of Illinois and Virginia, respectively. Since both a plaintiff and a defendant are residents of Virginia, there is incomplete diversity of citizenship. Without a federal question or complete diversity of citizenship, federal courts have no original jurisdiction over the matter. A federal court may not hear this case.

## II.   District of Maryland Improper Venue for Removal of a Virginia Circuit Court Case

Even if this case could properly be removed to federal court, the District of Maryland is an improper venue. Federal law requires that "any civil action brought in a State court . . . may be removed by the defendant or the defendants, to the district court of the United States for the district and division *embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added).

Ward and Dean filed their Complaint in the Circuit Court for Arlington City, Virginia. Arlington lies within the Alexandria Division of the Eastern District of Virginia. *See* United

---

[2] Despite Grider's arguments to the contrary, Navy Federal is not a Maryland citizen. The Maryland long-arm statute and 28 U.S.C. § 1391 are irrelevant to the question of Navy Federal's citizenship for purposes of determining whether a federal court may exercise subject matter jurisdiction over these claims. The Maryland long-arm statute and 28 U.S.C. § 1391 are used to determine whether Maryland courts may exercise personal jurisdiction over Navy Federal. Without proper subject matter jurisdiction, the question of personal jurisdiction is moot.

States District Court for the Eastern District of Virginia – Court Locations,

http://www.vaed.uscourts.gov/images/VAFederalCourtsMap.jpg (last visited Nov. 10, 2009).  If

Grider could properly remove this case to federal court[3] – which she cannot do – then the United

States District Court for the Eastern District of Virginia, Alexandria Division, would be the

proper court.[4]

CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED.  A separate

ORDER follows.

Dated: November 12, 2009

_____
Richard D. Bennett
United States District Judge

---

[3] Grider relies on the doctrine of *forum non conveniens* to argue why she may remove this case to this Court.  This reliance is misguided.  The *forum non conveniens* doctrine, enacted into law at 28 U.S.C. § 1404, provides that "For the convenience of the parties and witnesses, in the interest of justice, *a district court may transfer* any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404 (2006) (emphasis added).  A federal court may indeed choose to transfer a case to another district.  However, it is the court that must determine whether to make that transfer.  Parties to a civil action may **not** remove a case to whatever federal court they feel is most convenient for them.

[4] The Eastern District of Virginia would further be the proper court, if this case were removable, because it is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, [and where] a substantial part of property that is the subject of the action is situated."  See 28 U.S.C. § 1391(a) (2006).